IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEITH E. THOMAS,<br><br>        Plaintiff,<br><br>v.<br><br>NORTHSTAR MORTGAGE GROUP, LLC, its successors and assigns, BANK OF AMERICA, N.A., a/k/a BAC HOME LOANS SERVICING, LP f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a/k/a MERSCORP, INC., collectively known as MERS,<br><br>        Defendants. | 1:13-cv-1038-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Keith E. Thomas's ("Plaintiff" or "Thomas") Motion to Remand [8].

**I.    BACKGROUND**

On June 12, 2007, Plaintiff executed a promissory note (the "Note") in favor of Northstar Mortgage Group, LLC ("Northstar").  (Compl. [1.1 at 7-15] at 3). Repayment of the Note was secured by a deed (the "Security Deed") to real property located at 2655 West Road, Riverdale, Georgia (the "Property").  (Id. at

6). Plaintiff executed the Security Deed in favor of Northstar and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Northstar. (Id.).

In February 2010, Plaintiff asserts, "any and all Georgia Residential Mortgage Licenses held by and in the name of Northstar . . . [were] effectively revoked" by the State of Georgia Division of Banking and Finance. (Id.).

On August 23, 2010, MERS, as nominee for Northstar, assigned its interest in the Security Deed (the "First Assignment") to "BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, L.P." ("BACHLS"). (Compl. at 7 & Ex. C [1.1 at 21-23]).

On December 19, 2011, MERS executed a "Corrective Assignment" (together with the First Assignment, the "Assignments") of its interest in the Security Deed in favor of "Bank of America, N.A., successor by merger to [BACHLS]." (Compl. at 7 & Ex. D [1.1 at 25]).

On February 25, 2013, Plaintiff, proceeding *pro se*, filed his Complaint in the Superior Court of Fulton County, Georgia,[1] seeking to quiet title to the Property. Plaintiff asserts that the Assignments are invalid because MERS lacked authority to assign the Security Deed or the Note, and because Northstar's

---

[1]   No. 2013cv227759.

2

authority to engage in residential mortgage transactions was revoked before the Assignments were executed.

On March 29, 2013, Bank of America, N.A. ("BANA"),[2] MERS and MERSCORP Holdings, Inc. ("MERSCORP")[3] (collectively, the "Removing Defendants"), removed the Fulton County action to this Court based on diversity of citizenship. They contend that complete diversity exists between Plaintiff and the Removing Defendants, and that Plaintiff fraudulently joined Northstar, a Georgia limited liability company, to defeat federal subject-matter jurisdiction, such that Northstar's citizenship should not be considered for purposes of removal, because Plaintiff's Complaint fails to allege any specific wrongdoing by Northstar. (Notice of Removal ¶¶ 21-22). They assert that the amount in controversy exceeds $75,000.00 because (1) the original amount of Plaintiff's mortgage loan was $155,000.00; and (2) as of March 5, 2013, the unpaid balance of Plaintiff's mortgage was $160,440.57. (Id. ¶¶ 26-27).

---

[2]   The Removing Defendants assert that, as of July 1, 2011, BACHLS no longer exists as a legal entity because it merged with and into BANA. (Notice of Removal [1] at 2 n.1).

[3]   The Removing Defendants contend that Plaintiff erroneously names "Mortgage Electronic Registration Systems, Inc. a/k/a MERSCORP, Inc." as a defendant in this action. They assert that MERSCORP Holdings, Inc., f/k/a MERSCORP Inc., and Mortgage Electronic Registration Systems, Inc., are separate entities. (Notice of Removal at 2 n.2).

On April 2, 2013, the Court entered its Order [3] directing Plaintiff to file a pleading showing specifically the facts that he alleges, if any, against Northstar and to state the claims, if any, that he contends are asserted based on the facts alleged.

On April 12, 2013, Plaintiff filed his response to the Court's April 2nd Order.  Plaintiff asserts that Northstar fraudulently conveyed its interest in the Property because, at the time of the Assignments, Northstar's "Georgia Residential Mortgage License was on 'Cease and Desist" status by order of the Georgia Banking & Finance Division thereby causing the [Assignments] to identify a fraudulently conveyed interest on the face of the document."  (Plf's Resp. [7] at 2).

Also on April 12, 2013, Plaintiff moved to remand this action to state court. Plaintiff contends that removal was improper because (1) the Removing Defendants fail to provide any documents to support that Plaintiff owes them money in excess of $75,000.00; (2) Northstar was not fraudulently joined in this action; and (3) Northstar, which Plaintiff asserts was properly served with process on March 23, 2013, did not consent to removal.

**II.    DISCUSSION**

    A.    <u>Legal Standard</u>

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."  The Court's jurisdiction in this case is premised on

4

diversity of citizenship, which authorizes federal jurisdiction over suits between citizens of different states where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). The Court first considers whether the Removing Defendants have shown that the jurisdictional amount in controversy is satisfied.

A removing defendant must file with the district court a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446. "If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks omitted). When a plaintiff makes a timely motion to remand, "the district court has before it only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents." Lowery v. Ala. Power Co., 483 F.3d 1184, 1213 (11th Cir. 2007). "If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." Id. at 1215. "The absence of factual allegations pertinent to the existence of jurisdiction is

5

dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." Id.

B.   Analysis

Plaintiff's Complaint does not request a specific amount of damages. Rather, Plaintiff seeks equitable relief in the form of quiet title to the Property—that is, to have the Security Deed and Assignments declared invalid. "[I]n actions seeking declaratory or injunctive relief, it is well-established that the amount in controversy is measured by the value of the object of the litigation." Occidental Chemical Corp. v. Bullard, 995 F.2d 1046, 1047 (11th Cir. 1993) (quoting Hunt v. Washington State Apple Advt'g Comm'n, 432 U.S. 333, 347-48 (1977)).

> In a suit over title to land, it is the value of the property rather than the claim of the contending parties which fixes the amount in controversy for purposes of jurisdiction . . . and the value of the land thus in controversy is, of course, not affected by the existence of [a] debt secured by [a security deed].

Id. (quoting Peterson v. Sucro, 93 F.2d 878, 882 (4th Cir. 1938)); see also Ra'oof v. U.S. Bank, No. 1:10-cv-3347-RWS, 2010 WL 4975496, at *1 (N.D. Ga. Dec. 1, 2010) ("[I]f suit is brought to quiet title to land . . . and the cloud affects the entire title, then the value of the property . . . plaintiff seeks to protect is the measure of the amount in controversy."). Whether the amount-in-controversy

6

requirement has been satisfied is "judged at the time of removal." Sierminksi v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000).

The question here, then, is whether the Removing Defendants have demonstrated, by a preponderance of the evidence, that the value of the Property at the time of removal exceeds the $75,000.00 jurisdictional threshold. The principal amount of Plaintiff's loan was $155,000.00, which, the Removing Defendants assert, shows the value of the Property. The original amount of Plaintiff's loan likely is a close approximation of the value of the Property at the time of purchase, in June 2007. Since 2007, however, home values in Riverdale, Georgia, where the Property is located, have decreased as much as 71%.[4] The value of the Property in 2007 thus does not necessarily establish the value of the Property at the time of removal, especially in an economy that has suffered significant and lasting downturns.

The Removing Defendants next assert that the value of the Property is $160,440.57, the remaining balance of Plaintiff's loan. Even if they submitted

---

[4] See Robert Hockett & John Vlahoplus, A Federalist Blessing in Disguise: From National Inaction to Local Action on Underwater Mortgages, 7 Harv. L. & Pol'y Rev. 253, 258 (citing US Housing Crisis—Negative Equity Infographic, ZILLOW, http://www.zillow.com/visuals/negative-equity/#4/39.98/-106.92); see also http://www.zillow.com/local-info/GA-Riverdale-home-value/r_6781/#metric=mt%3D19%26dt%3D1%26tp%3D6%26rt%3D8%26r%3D6781%26el%3D0 (last visited Oct. 15, 2013).

documents to support the current amount due—which they do not—the Removing Defendants' claim that Plaintiff owes them $160,440.57 establishes only the value of their claim against Plaintiff, not the value of the Property at the time of removal. See Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commn'cs & Elecs., Inc., 120 F.3d 216, 218 (11th Cir. 1997) ("[T]he monetary value must be measured solely from the plaintiff's perspective."). Put another way, if the Removing Defendants exercised the power of sale in the Security Deed, the sales price would be the fair market value of the Property, not necessarily the amount due on Plaintiff's loan. The Removing Defendants have not shown the actual fair market value of the Property at removal, and it is that value which is important to the issue of the jurisdictional amount. See Ballew v. Roundpoint Mortg. Serv. Corp., 491 F. App'x 25, 26 (11th Cir. 2012) (in an action to enjoin foreclosure sale, where plaintiffs submitted letter showing outstanding balance on mortgage and defendants submitted note and security deed, neither submission clearly established the fair market value of the property at issue); Occidental, 995 F.2d at 1047 (in an action for specific performance of a contract to purchase land, fair market value of the property, not the contract price, established the amount in controversy); Frontera Trans. Co. v. Abaunza, 271 F. 199, 201 (5th Cir. 1921)[5]

---

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981)

(Where plaintiff "sought to prevent the defendant from using his mortgage . . . for any purpose, and to clear up the title to this entire property," "the value of the lands, not the amount required to redeem [the mortgage was] the amount in controversy."); see also Greenfield v. U.S. Mortg. Co. of Scotland, Ltd., 133 F. 784, 788 (E.D. Ark. 1904) (cited with approval in Frontera) ("In a proceeding to set aside certain conveyances as fraudulent and a cloud upon the plaintiff's title, the matter in dispute is the value of the land in controversy."); see also Baker v. Select Portfolio Serv., Inc., No. 1:12-cv-03493-JEC, 2013 WL 4806907 (N.D. Ga. Sept. 9, 2013) (amount in controversy satisfied by value of property where most recent tax assessment for property at issue was $277,400); Cooper v. HSBC Mortg. Serv., Inc., No. 1:13-cv-2193-JOF, Doc. 9 (N.D. Ga. Aug. 15, 2013).

The Removing Defendants here have not demonstrated the value of the property at the time of removal and the Court therefore cannot determine the value of the object of this litigation. Ballew, 491 F. App'x at 26 (quoting Occidental, 995 F.2d at 1047). The Removing Defendants have not shown that the amount in controversy, more likely than not, exceeds the $75,000.00 jurisdictional limit. The

---

(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Former Fifth Circuit issued before the close of business on September 30, 1981.

Court thus lacks subject-matter jurisdiction, and this action is required to be remanded.[6]

---

[6] Because the Court concludes that the amount-in-controversy requirement is not satisfied, the Court does not decide whether Northstar has been fraudulently joined to defeat federal subject-matter jurisdiction, or whether removal was improper because Northstar did not consent to removal.  See 28 U.S.C. § 1332(a) (diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, *and* is between . . . citizens of different states.") (emphasis added); 28 U.S.C. § 1446 (b)(2)(A) ("When a civil action is removed solely [based on diversity jurisdiction], all defendants who have been properly *joined* and served must join in or consent to the removal of the action.") (emphasis added).  To the extent the Removing Defendants argue that Northstar was fraudulently joined because Plaintiff's Complaint fails to meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure, in determining whether there is no possibility that a plaintiff can establish a cause of action against a resident defendant, a district court "must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court."  See Ullah v. BAC Home Loans Serv. LP, No. 12-12557, 2013 WL 4267188, at *2 (11th Cir. Aug. 16, 2013) (quoting Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332) (11th Cir. 2011)); see also Stillwell, 663 F.3d at 1334 n.3 ("Georgia has not chosen to adopt the heightened pleading requirements imposed on federal plaintiffs . . . .").

The Court notes also that the Notice of Removal fails to properly allege the citizenship of Plaintiff and Northstar.  The Notice of Removal states that "Plaintiff is a resident of Fulton County, Georgia," and that "Northstar is a Georgia limited liability company."  (Notice of Removal at ¶¶ 12, 16).  "Citizenship, not residence, is the key fact that must be alleged to establish diversity for a natural person," like Plaintiff in this action.  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  A limited liability company, like Northstar, is a citizen of any state of which a member of the company is a citizen.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  The Notice of Removal does not identify Northstar's members or their citizenship.  For this additional reason, the Notice of Removal is defective and remand is appropriate.  See Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009) (failure to properly establish party's citizenship in notice of removal is a procedural defect that may serve as the basis for a motion to remand).

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Keith E. Thomas's Motion to Remand [8] is **GRANTED**. This action is **REMANDED** to the Superior Court of Fulton County, Georgia.

**SO ORDERED** this 16th day of October, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE