IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEITH E. THOMAS,

        Plaintiff,

v.                               1:13-cv-1038-WSD

NORTHSTAR MORTGAGE
GROUP, LLC, et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Keith E. Thomas's *pro se* Motion for Court Costs and Litigation Fees [16].

Plaintiff requests an award of attorneys' fees and costs incurred as a result of Defendants' improper removal.[1] 28 U.S.C. § 1447(c) provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

---

[1] Specifically, Plaintiff seeks a total amount of not less than $10,000 for time spent towards legal research and document preparation, including an amount of not less than $2,000 expended in drafting a response to the Defendants' Notice of Removal. Plaintiff claims that he is entitled to $40 per hour for the 200 hours he spent responding to Defendants' Notice of Removal. Based on these facts, the Court construes the Plaintiff's Motion as one that seeks only attorneys' fees or compensation for the time Plaintiff expended in litigating this dispute.

This determination is left to the discretion of the Court.  See Graham Commercial Realty, Inc. v. Shamsi, 75 F. Supp. 2d 1371, 1373 (N.D. Ga. 1998) ("An award of attorneys' fees is soley in the discretion of the court.  A finding of bad faith or improper purpose by the removing party is not necessary.").

As a *pro se* litigant, however, Plaintiff is not entitled to attorneys' fees because Plaintiff did not incur legal fees, as a cost of, or expense in, representing himself.  "The word 'attorney' generally assumes some kind of agency (that is, attorney/client) relationship.  The fees a [litigant] might charge himself are not, strictly speaking, 'attorney's fees.'  And, where a [litigant] represents himself, legal fees are not truly 'costs' of litigation—no independent lawyer has been hired (or must be paid) to pursue the complaint."  Massengale v. Ray, 267 F.3d 1298, 1303 (11th Cir. 2001); Id. (holding that "because Kolner did not incur legal fees as a cost or expense in representing himself, the district court erred in awarding $25,000 in attorney's fees to Kolner as a sanction upon Massengale."); see also Lane v. Guaranty Bank, No. 6:13-cv-259-Orl-36TBS, 2013 WL 2436240, at *2 (M.D. Fla. June 5, 2013) (denying request for attorneys' fees made under 1447(c) because "Plaintiffs are proceeding *pro se* and have not shown that they incurred any attorneys' fees in connection with this action.").

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Court Costs and Litigation Fees is **DENIED** [16].

**SO ORDERED** this 4th day of August 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE